[Decided January 28, 1888.]

## M. H. ELDER, C. H. MANNING, AND J. P. SMITH, SCHOOL DIRECTORS, ETC., *v.* TERRITORY OF WASHINGTON EX REL. F. CAMPBELL, PROSECUTING ATTORNEY.

MANDATE—SCHOOLS AND SCHOOL DISTRICTS—INSURANCE—APPOINTMENT.—A writ of mandate will not issue to compel school directors to pay over to the county treasurer insurance money received on a loss by fire of a school building in their district, to be divided between it and a new district recently formed out of it, where the money has been actually expended by the directors in the erection of a new school building, pursuant to the unanimous vote of the electors of the district.

ERROR to the District Court holding terms at Tacoma. Second District.

Application for a writ of mandate by the territory on the relation of Fremont Campbell, prosecuting attorney, against the directors of a school district, commanding them to pay to the county treasurer certain moneys received by them as insurance money on a loss by fire of the school house in the district. A demurrer was sustained to the return made by respondents in answer to the alternate writ, and thereupon the court rendered judgment awarding a peremptory writ as prayed for, from which an appeal was taken. All other necessary facts appear in the opinion of the court.

*Messrs. Evans, Sears & Ashton,* for the Plaintiffs in Error.

A writ of mandate cannot be invoked to recover money from a public officer which has already been applied and expended; it being conceded that before these proceedings were instituted the money commanded to be paid had been expended in accordance with a vote of the electors of the district in an erection of a school house to replace the one destroyed by fire. Therefore, it was error to order and issue the peremptory writ. (High's Ex. Leg. Rem., 2d ed., sec. 14, and cases there cited.)

*Mr. B. W. Coiner,* for the Defendant in Error.

The prior appropriation by the directors of the insurance

money in the erection of a new school house affords no immunity to the directors in this proceeding. The county treasurer being the sole lawful custodian of moneys belonging to the second school district, any disposition of the money, except the payment to him, would be wholly void and of no effect. (Sess. Laws 1885-86, p. 26, sec. 83; id. p. 13, sec. 29; 5 Wait's Actions and Defenses, p. 558; *People* v. *Fleming,* 2 N. Y. 484.)

Mr. Justice TURNER delivered the opinion of the court.

The appellants, in their capacity of school directors, came into possession of $300, paid to them by the Phœnix Insurance Company, of Brooklyn, New York, as satisfaction for the loss by fire in their district of a school building insured by said company. The school district to which said building belonged having been thereafter divided, and the county treasurer deeming it his duty, under the law, to divide the sum collected upon the loss of the school building between the old and new districts, made demand upon the school directors to pay said sum of $300 into the county treasury.

The directors failed to comply with said demand. Thereupon the prosecuting attorney for the county set forth all the facts in an affidavit, and applied to the District Court for an alternative writ of mandamus, which the District Court granted.

The appellants, for answer to the alternative writ, set up the following, among other defenses:

"3. For further return, answer, and defense, respondents allege that immediately upon receipt of said money from said insurance company the same was deposited in the Tacoma National Bank, to the credit of school district number two; and that soon thereafter a meeting of the electors of said district was duly called, and the disposition of said money was referred to them by these respondents; and that at said meeting the said electors unanimously resolved to proceed to the construction of a school house in the place of the one destroyed by fire, and instructed and directed these respondents to appropriate the money so received by them

to the construction of said school house, so far as the same should go.  That in obedience to said instruction and direction, these respondents appropriated the whole of said money towards the construction of said new school house."

The District Court sustained a demurrer to the answer, and the correctness of that ruling is the question now to be decided.   We think it a fair construction of the averments of fact contained in the third defense above quoted, to hold that the pleader meant to allege therein that the moneys which appellants received from the insurance company had been expended by them in the erection of a new school building, pursuant to the unanimous vote of the electors of the school district.

Thus construed, said facts form a complete bar to the granting of a peremptory writ.   If the directors had parted with the moneys received by them, whether lawfully or unlawfully, the right to compel them by mandamus to pay the same into the county treasury was gone.   Mandamus cannot be used as a remedy to recover moneys misapplied by public officers.   In such cases, the public has another and a different remedy, which is exclusive.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

JONES, C. J., and LANGFORD, J., concurred.